**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DESIGN 3.2 TRUST,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL T. KENNISON, *et al.*,<br><br>　　　　　　Defendants. | Case No.  2:15-cv-01817-JAD-CWH<br><br>**ORDER** |

Before the Court are a motion to strike (doc. # 22), filed November 9, 2015, motion to stay discovery (doc. # 19), filed November 3, 2015, proposed discovery plan and scheduling order (doc. # 20), filed November 3, 2015, and proposed discovery plan and scheduling order (doc. # 21), filed November 6, 2015.

**1.  Motion to Strike (doc. # 22) and Proposed Discovery Plan (doc. # 20)**

Defendants, along with the Intervenor, ask the Court to strike their proposed discovery plan (doc. # 20) in light of the parties' recently-filed joint discovery plan (doc. # 21).

Good cause appearing, the Court grants the motion to strike (doc. # 22), and directs the Clerk of Court to strike the proposed discovery plan (doc. # 20) from the record.

**2.  Proposed Discovery Plan (doc. # 21)**

The parties disagree regarding the length of time to complete discovery.  Plaintiff believes that 180 days is adequate time to complete discovery.  In support, Plaintiff contends that this case is "not very factual in nature, but more legal," and that the only potential factual issues involve notices mailed at the time of the HOA foreclosure and the possible sale price at the time of sale.  Doc. # 21 at 2.

Plaintiff therefore concludes that there is no need to wait for the Nevada Supreme Court to decide the issues claimed by Defendants.

Defendants, by contrast, believe that the parties require one year to complete discovery. According to Defendants, the nature, complexity, and quantity of legal arguments pertinent to this litigation are on appeal before the Nevada Supreme Court, and waiting for its decision would define the scope of discovery in this case and allow the parties to gather facts necessary to "make and defend" complex issues. Doc. # 21 at 2. Defendants add that key witnesses in this case are involved in various other cases, have limited availability, and require additional time to process subpoenas or other requests, which further supports a one year discovery time line.

The Court finds that 180 days is adequate time to complete discovery in this case. The Court therefore grants Plaintiff's proposed discovery plan and scheduling order (doc. # 21).

**3.  Motion to Stay Discovery (doc. # 19)**

Because the Court has already granted Plaintiff's proposed discovery plan (doc. # 21), the Court denies the Intervenor, Third Party, and Defendants' motion to stay discovery (doc. # 19) as moot.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Intervenor and Defendants' motion to strike (doc. # 22) is **granted**. The Clerk of Court shall **strike** the proposed discovery plan (doc. # 20), filed November 3, 2015, from the record.

**IT IS FURTHER ORDERED** that Plaintiff's proposed discovery plan and scheduling order (doc. # 21), filed November 6, 2015, is **granted**.

**IT IS FURTHER ORDERED** that the Intervenor, Third Party, and Defendants' motion to stay discovery (doc. # 19) is **denied as moot**.

DATED: November 13, 2015

C.W. Hoffman, Jr.
United States Magistrate Judge

2