Marni Rubin Watkins, Esq.
Nevada Bar No. 9674
FIDELITY NATIONAL LAW GROUP
2450 St. Rose Parkway, Ste. 100
Henderson, Nevada 89074
Telephone: (702) 667-3000
Fax: (702) 697-2020
Email: marni.watkins@fnf.com
Attorneys for Defendants/Third-Party Plaintiffs,
*Daniel T. Kennison and Maria J. Kennison*

**UNITED STATES DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DESIGN 3.2 TRUST, | Case No.: 2:15-cv-01817-JAD-CWH |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| DANIEL T. KENNISON and MARIA J. KENNISON, and DOES I through X, ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |
| DANIEL T. KENNISON and MARIA J. KENNISON, | |
| Counter-Claimant, | |
| vs. | |
| DESIGN 3.2 TRUST, | |
| Counter-Defendant. | |

Pursuant to the Court's Order dated February 4, 2016 (Doc. # 68), the parties move the Court to enter this Order governing the production and use of certain confidential information, testimony and exhibits, as defined below. Design 3.2 Trust, Daniel T. Kennison, Maria J. Kennison and Federal Home Loans Mortgage Corporations (hereinafter the "Parties"), by and

through their counsel of record, hereby agree and stipulate to the entry of a protective order as follows:

1. The parties in this action have sought and seek the production of information deemed confidential and/or proprietary and, as set forth herein, the parties agree that production of such records will be maintained in strict confidence. In accordance therewith, all documents marked "CONFIDENTIAL" and/or information, written discovery and deposition testimony pertaining to said documents (collectively referred to as "Confidential Information") produced by any party shall be used solely for the preparation, prosecution and defense of the present case. Except as specified in paragraph 3 below, access to Confidential Information shall be limited to the Court, its officers, counsel for the parties, the parties' litigation representatives and principals, and their staff members assisting in the preparation, prosecution and defense of this case. Except as specified below, no person with access to Confidential Information shall disclose the contents of any Confidential Information to any other person in any manner.

2. The parties agree to limit their designations of Confidential Information to information which, in good faith, is deemed sensitive, proprietary and/or confidential. Any party may deem any document Confidential at any time, even if such documents were not produced by that party or the documents were previously filed or used in another case, proceeding, hearing or deposition.

3. Counsel for any party may give access to Confidential Information to independent experts/consultants and their staff, consulting firms, or other independent contractors actually retained or employed to advise or assist such counsel and to whom it is necessary that Confidential Information be disclosed for purposes of this case, provided that:

(a) Before access to any Confidential Information is given to any person pursuant to this paragraph, that person shall be informed by counsel proposing to give such access of, and shall agree to be bound by, the following:

(i) He or she shall not disclose the Confidential Information to any person to whom this Stipulation and Protective Order does not provide access;

(ii) He or she shall make no copies, compilations or summaries of the Confidential Information, except in connection with the preparation, prosecution and defense of this case; if such copies, compilations or summaries are made, neither those documents, nor the information contained therein, shall be disclosed to any person other than those permitted by this Stipulation and Protective Order;

(iii) At the conclusion of this case, or his or her involvement in the case, he or she shall return or destroy all copies, compilations or summaries of the Confidential Information or of the information contained therein; if not destroyed, said documents shall be returned to counsel for the party who gave him or her access thereto for return to counsel for the party producing the same;

(iv) Before access to the Confidential Information is given to any person by any party or its counsel (that is not granted permission by this Stipulated Agreement), the person shall execute and file with counsel proposing to give such access, a declaration indicating that he or she has read this Stipulation and Protective

Fidelity National Law Group
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

Order and that he or she agrees to be bound by its provisions. A copy of said declaration is attached hereto as Exhibit 1;

and

(b) It is pursuant to a Court Order.

4. This Stipulation and Protective Order shall prohibit disclosure to all persons other than those set forth herein unless required by a Court Order. The parties may amend this Stipulation and Protective Order upon consent of all parties or upon application to the Court in which this action is pending.

5. Nothing in this Stipulation and Protective Order shall prohibit counsel for the parties from using any of the Confidential Information in connection with any deposition, application, motion, hearing, or trial in this action, provided that in the event that any such Confidential Information is filed or otherwise lodged with the Court, it shall be filed or lodged under seal pending further order, and shall be labeled, CONFIDENTIAL – NOT TO BE DISCLOSED EXCEPT SUBJECT TO COURT ORDER."  In the event any Confidential Information is used in connection with a deposition, the deposition shall be conducted outside the presence of any person not directly involved in this litigation other than the court reporter and persons agreed to between the parties.  All portions of the deposition transcript and exhibits relating to the Confidential Information shall be designated "CONFIDENTIAL."  If counsel for any party attempts to introduce into evidence any Confidential Information at a hearing or trial in this case, the Court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of that information.

6. Unless the Court orders otherwise, testimony, documents or information that is designated as "Confidential" is entitled to the protection afforded by this Stipulated Protective Order as soon as that designation is made by the party seeking confidentiality.  Those

protections remain applicable even if another party objects to that designation, unless and until the Court enters an order removing or modifying the protection afforded by this Stipulated Protective Order.

7. Within thirty (30) days after any judgment is entered in this matter, resolution is reached, or the appeal process is concluded, whichever is later, all Confidential Information received by any party, including all notes, transcripts, tapes, other papers, and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Information or its contents, shall be returned to the producing party; or if the Confidential Information was obtained from a non-party, it shall be destroyed. This requirement does not include work product of legal counsel.

8. In the event any person or entity who is not a party to this Stipulated and Protective Order seeks access to the Confidential Information referenced herein by request, subpoena or otherwise, from any party to this Stipulation and Protective Order, that party (i) shall promptly notify the party that produced the Confidential Information of the request or subpoena; and (ii) shall inform the requesting party of the existence of this Stipulation and Protective Order.

9. This stipulation may be made an order of this Court.

DATED this 24th day of February, 2016.   DATED this 24th day of February, 2016.

FIDELITY NATIONAL LAW GROUP

/S/ MARNI RUBIN WATKINS   /S/ JAMES S. KENT
_____   _____
MARNI RUBIN WATKINS, ESQ.   JAMES S. KENT, ESQ.
Nevada Bar No. 9674   Nevada Bar No. 5034
2450 St. Rose Parkway, Ste. 100   9480 S. Eastern Avenue, Ste. 228
Henderson, Nevada 89074   Las Vegas, Nevada 89123
Attorneys for *Defendants/Third-Party*   Attorney for *Plaintiff*
*Plaintiffs,*
*Daniel T. Kennison and Maria J. Kennison*

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000

1
2
3                              **ORDER**
4        IT IS SO ORDERED
5        DATED: February 26, 2016                    _____
6                                                    UNITED STATES MAGISTRATE JUDGE
7  Respectfully submitted by:
   FIDELITY NATIONAL LAW GROUP
8
   /S/ MARNI RUBIN WATKINS
9  _____
   MARNI RUBIN WATKINS, ESQ.
10 Nevada Bar Number 9674
   2450 St. Rose Parkway, Suite 100
11 Henderson, Nevada 89074
   Attorneys for *Defendants/Third Party Plaintiffs,*
12 *Daniel T. Kennison and Maria J. Kennison.*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Fidelity National Law Group**
2450 St. Rose Pkwy., Ste. 100
Henderson, Nevada 89074
(702) 667-3000