UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Design 3.2 Trust,<br><br>    Plaintiff<br><br>v.<br><br>Daniel T. Kennison and Maria J. Kennison, et al.,<br><br>    Defendants<br><br>And all related actions | 2:15-cv-01817-JAD-CWH<br><br>**Order Granting Freddie Mac's Motion for Reconsideration of Minute Order Striking its Complaint in Intervention; Directing Renewed Briefing on Summary-Judgment Issues; Vacating Hearing; and Granting the Kennison Defendants' Motion to Respond to Surreply**<br><br>[ECF 10, 26, 28, 74, 77] |

  This removed HOA foreclosure case seeks to resolve competing claims to the home located at 6213 Red Pine in Las Vegas, Nevada.[1]  Having reviewed the entire docket, I grant Freddie Mac's motion to reconsider my minute order striking its complaint in intervention.[2]  Because this case had been pending in state court for seven months before it was removed to this court, untangling the extensive record was challenging.  The documents attached to the petition for removal did not reflect that the Federal Home Loan Mortgage Corporation ("Freddie Mac") had been granted leave to file a complaint in intervention, so when Freddie Mac ultimately filed one, I struck it.[3]  Because Freddie Mac has now provided the state-court order granting it leave to intervene, I grant its motion for reconsideration of the order striking its complaint.

---

[1] ECF 1 at 2.

[2] ECF 10.

[3] ECF 9 (minute order) ("The court cannot discern from the record of this newly removed case what authority forms the basis for the filing of this version of the complaint in intervention.  Based on the court's review of the record (primarily ECF 1), it appears that this new complaint is either (1) a rogue document because it is duplicative of the complaint in intervention in the record at ECF 1-27:97–107 (assuming that complaint was filed in the state court action before removal and with leave of court), or (2) has been filed without permission because FRCP 24 requires a motion to intervene.  In short, the court cannot determine if leave to intervene has been granted and, if it has been granted, why the Federal Home Loan Mortgage Corporation is filing another Complaint in Intervention when the state-court version of this document is in the record at ECF 1-24:97").

Since removal, the state of this record has only gotten exponentially more cluttered. What should have been a six-docket-entry briefing process for cross-motions for summary judgment has already yielded fourteen entries and a still-evolving record that makes it difficult for me to even determine what the current summary-judgment issues are. So I also take this opportunity to streamline the summary-judgment briefing by denying all of the current summary-judgment related motions and requests without prejudice and with detailed instructions for renewed briefing. And finally, I grant the Kennison defendants' motion to respond to the surreply to their still-pending motion for leave to amend the counterclaims[4] and make it clear that no additional briefing on that motion will be entertained.

1. **Freddie Mac's complaint in intervention**

Freddie Mac moves for reconsideration of my minute order striking its complaint in intervention.[5] As support, it attaches the state-court's order granting it leave to file its complaint in intervention.[6] A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction.[7] Title 28 U.S.C. § 1450 states that all orders from the state court prior to removal "shall remain in full force and effect until dissolved or modified by the district court."[8] The order Freddie Mac has now presented shows that the state court granted it leave to file a complaint in intervention in this case. Accordingly, good cause appears to grant the motion for reconsideration [ECF 10]. Freddie Mac has 10 days to refile its complaint in intervention.

---

[4] ECF 77.

[5] ECF 10.

[6] ECF 10, 10-1.

[7] *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted).

[8] 28 U.S.C. § 1450.

**2.    The parties are directed to refile their summary-judgment briefing in a more streamlined format.**

The parties' cross-motions for summary judgment have spawned fourteen docket entries that include two requests for judicial notice, a motion to strike, and two supplements that address the Nevada Supreme Court's January 28, 2016, decision in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp, Inc.*[9] This does not even count the dozens of exhibits attached to these filings. The net result is that the Kennison defendants and counterclaimants have offered a collective 130 pages of summary-judgment briefing, including two briefs that exceed the page limits set by the local rules.[10] And in their supplemental briefs, both sides argue that their summary-judgment positions are impacted by the *Shadow Wood* decision.[11] It would be a waste of judicial resources—and a disservice to the other litigants awaiting decisions on their pending motions—for me to take the time necessary to untangle this mess, track what remains at issue, and draft a reasoned decision on the arguments presented.

It is well established that district courts have the inherent power to control their dockets and manage their affairs; that includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency.[12] In light of this fractured and unnecessarily lengthy approach to summary-judgment briefing that has occurred, coupled with the continually evolving state of the record, I find that the most judicially economical way to manage this situation is to exercise my inherent power to manage the docket, deny without prejudice and disregard the pending summary-judgment filings, and provide clear instructions for the renewed briefing. Accordingly, the Kennison Defendants' Motion for Summary Judgment [ECF 26], Request for Judicial Notice in support of their motion for summary judgment [ECF 27], Request for Judicial Notice in support of their

---

[9] ECF 26–19, 32–34, 39, 41, 52, 53, 65, 74–75.

[10] *See* ECF 32, 34. Local Rule 7-4 limits summary-judgment motions, countermotions, and oppositions to 30 pages.

[11] ECF 65, 75.

[12] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

response [ECF 33]; and Plaintiff Design 3.2 Trust's Motion for Summary Judgment [ECF 28] and Motion for Leave to File a Supplement and Sur-Reply [ECF 74] are denied without prejudice, and all related filings are disregarded.

The Kennison defendants have until April 8, 2016, to file a renewed motion for summary judgment; and plaintiff Design 3.2 Trust also has until April 8, 2016, to file its renewed motion for summary judgment. Once these renewed motions are filed, briefing (a single response and reply to each motion) will proceed under the schedule provided by Local Rule 7-2. No supplemental briefing will be entertained, and surreplies will be automatically stricken.

When preparing and submitting the renewed briefing, the parties must follow these instructions:

- Requests for judicial notice should be contained within the summary-judgment briefs themselves—not framed as separate motions or requests—because, here, they are essential components of the parties' summary-judgment arguments. This means that the argument section of the defendants' motion for summary judgment and response to the plaintiff's motion for summary judgment should include any request for judicial notice.
- Any argument related to *Shadow Wood* must be contained in the renewed filings, not in a supplement.
- The page limits in Local Rule 7-4 of course apply.
- Any supporting affidavits or declarations, and any certificate of service, must be filed with the motion, response, or reply; they should not be filed as separate documents.
- The parties must heed local rule 10-3(a)'s admonition that exhibits must not be "unnecessarily voluminous."
- Courtesy copies of these filings must be delivered to chambers.[13]

---

[13] Courtesy copies should be delivered in three-ring binders, printed double sided, and with exhibits tabbed.

**3.    The Kennison defendants' motion to amend their counterclaim**

Finally, I note that the Kennison defendants' motion to amend their counterclaim is still pending,[14] and oral argument on that motion is scheduled for April 18, 2016.[15] The parties' supplemental briefing on that motion makes it apparent that the issues it presents are intertwined with the summary-judgment issues. Because of this relationship, I believe it would be most judicially economical to consider the motion to amend along with the summary-judgment motions instead of in a separate hearing. As the renewed summary-judgment briefing will not be complete by April 18, 2016, I vacate that hearing. If I later determine that a hearing on these collective issues will be helpful, I will reset it.

I also note that plaintiff has filed a surreply to that motion to amend,[16] and the Kennison defendants now move to file a response to that surreply.[17] I grant the Kennison defendants' motion to file a response to the surreply (ECF 77), and I limit that surreply to five pages. No further briefing on this motion will be permitted.

**Conclusion**

Accordingly, IT IS THEREFORE ORDERED that Freddie Mac's motion for reconsideration **[ECF 10] is GRANTED; Freddie Mac has 10 days to file its Complaint in Intervention.**

IT IS FURTHER ORDERED that

- The Kennison Defendants' Motion for Summary Judgment [ECF 26];
- The Kennison Defendants' Request for Judicial Notice in support of their motion for summary judgment [ECF 27];
- The Kennison Defendants' Request for Judicial Notice in support of their response [ECF 33];
- Plaintiff Design 3.2 Trust's Motion for Summary Judgment [ECF 28]; and

---

[14] ECF 51.

[15] ECF 56.

[16] ECF 76.

[17] ECF 77.

- Plaintiff Design 3.2 Trust's Motion for Leave to File a Supplement and Sur-Reply [ECF 74]

**are DENIED without prejudice**. The parties have until April 8, 2016, to file their renewed motions for summary judgment that comply with the limitations above. After that, the briefing schedule will proceed under Local Rule 7-2.

IT IS FURTHER ORDERED that the hearing scheduled for April 18, 2016, at 2:30 p.m. on the Kennison defendants' motion to amend their counterclaim is VACATED.

Finally, IT IS FURTHER ORDERED that the Kennison defendants' motion to file a response to Design 3.2 Trust's surreply in support of the motion to amend [ECF 77] is GRANTED. Their response must be filed by March 25, 2016, and may not exceed five pages.

Dated this 18th day of March, 2016

_____
Jennifer A. Dorsey
United States District Judge